DETLEF F. HARTMANN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 254, 2009.
Supreme Court of Delaware.
Submitted: May 21, 2009.
Decided: May 27, 2009.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 27th day of May 2009, it appears to the Court that:
(1) On May 6, 2009, the Court received the appellant's notice of appeal from the Superior Court's modified sentencing order, dated and docketed on March 20, 2009. Pursuant to Supreme Court Rule 6, a timely notice of appeal should have been filed on or before April 20, 2009.
(2) On May 6, 2009, the Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing the appellant to show cause why the appeal should not be dismissed as untimely filed. The appellant filed his response on May 19, 2009 and the State of Delaware filed a reply on May 21, 2009. The appellant states that he did not receive a copy of the Superior Court's order from the Kent County Prothonotary. However, the record reflects that the appellant was in the courtroom on March 20, 2009 when the Superior Court modified his sentence and, therefore, was on notice that the order had been issued.
(3) Pursuant to Supreme Court Rule 6(a) (iii), a notice of appeal must be filed within 30 days after entry upon the docket of the judgment or order being appealed. Moreover, time is a jurisdictional requirement.[1] A notice of appeal must be received in the Office of the Clerk of the Court within the applicable time period in order to be effective.[2] An appellant's pro se status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, his appeal cannot be considered.[4]
(4) There is nothing in the record before us reflecting that the appellant's failure to file a timely notice of appeal in this case is attributable to court-related personnel. Even assuming that the appellant never received a copy of the Superior Court's order, he, nevertheless, had actual notice of the issuance of that order. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 29(b), that the within appeal is DISMISSED.
NOTES
[1] Carr v. State, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] Carr v. State, 554 A.2d at 779.
[4] Bey v. State, 402 A.2d 362, 363 (Del. 1979).